**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 5 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARC ROGGENKAMP, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> MORGAN STANLEY MEDICAL PLAN, <br><br> Defendant - Appellee. | No. 24-7864 <br><br> D.C. No. <br> 2:23-cv-05531-WLH-AGR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Wesley L. Hsu, District Judge, Presiding

Submitted May 18, 2026[**]
Pasadena, California

Before: LEE, BUMATAY, and SUNG, Circuit Judges.

Marc Roggenkamp sued Morgan Stanley Medical Plan ("MS Plan") to

recover benefits under the Employee Retirement Income Security Act

("ERISA"), 29 U.S.C. § 1132(a). Cigna, the administrator of his plan, denied

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Roggenkamp's pre-authorization request for a two-level artificial disc replacement surgery ("two-level ADR"). Roggenkamp appeals the district court's judgment in favor of MS Plan after a bench trial. We have jurisdiction under 28 U.S.C. § 1291. "We review de novo a district court's choice and application of the standard of review to decisions by fiduciaries in ERISA cases. We review for clear error the underlying findings of fact." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 962 (9th Cir. 2006) (en banc) (citation omitted). We affirm in part, and reverse and remand in part.

1. The district court correctly concluded that Cigna did not operate under a conflict of interest. We review an administrator's decision for abuse of discretion when "the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits." *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 866 (9th Cir. 2008) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). If the administrator operates under a conflict of interest, "that conflict must be weighed as a 'facto[r] in determining whether there is an abuse of discretion.'" *Firestone Tire & Rubber Co.*, 489 U.S. at 115 (citation omitted) (alteration in original). A conflict exists when an administrator *both* determines eligibility and pays for benefits. *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 108 (2008); *Abatie*, 458 F.3d at 965. The plaintiff bears the burden "to produce evidence of a financial conflict sufficient to warrant a

degree of skepticism." *Deer v. IBM Corp. LTD Plan*, 835 F.3d 893, 902 (9th Cir. 2016).

The parties agree that the MS Plan grants decision-making discretion to Cigna, so the abuse of discretion standard applies. But the parties dispute whether there was a conflict that should have resulted in less deference to Cigna's decision. As the administrator of the plan, Cigna adjudicated Roggenkamp's claims and determined eligible expenses, while Morgan Stanley funded the plan. Roggenkamp has provided no evidence of a financial conflict, as he cannot show that Cigna *both* determines eligibility and pays for benefits.

Roggenkamp's allegations that Cigna delayed during the administrative and legal process, repeated the same conclusory language in its denial letters, and interrupted Roggenkamp's physician in a peer-to-peer phone call do not demonstrate a financial conflict of interest. His contention that "common law agency principles" suggest Cigna's actions may be attributable to the MS Plan is incorrect and unsupported by the cited authority. *See Salyers v. Metro. Life Ins. Co.*, 871 F.3d 934, 939–41 (9th Cir. 2017) (evaluating common law agency principles in considering whether an insurer is deemed to have the same knowledge as the employer, but noting, "[o]ur holding in this case does not mean that a policy-holder employer is always an agent of the insurer in every aspect of plan administration in which it participates"). We affirm the district court's

conclusion that there is no conflict.

2. The district court erred in affirming the denial of benefits. ERISA requires that a notice of claim denial contain: "(1) '[t]he specific reason or reasons for the denial'; (2) '[r]eference to the specific plan provisions on which the determination is based'; (3) '[a] description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary'; and (4) '[a] description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review.'" *Collier v. Lincoln Life Assurance Co.*, 53 F.4th 1180, 1185 (9th Cir. 2022) (alterations in original) (quoting 29 C.F.R. § 2560.503-1(g)(1)(i)–(iv)). Plan administrators must provide specific reasons for the denial to "enable[] the claimant to prepare adequately for any further administrative review, as well as appeal to the federal courts." *Harlick v. Blue Shield of Cal.*, 686 F.3d 699, 720 (9th Cir. 2012) (quoting *Mitchell v. CB Richard Ellis Long Term Disability Plan*, 611 F.3d 1192, 1199 n.2 (9th Cir. 2010)). Further, a district court errs when it "relie[s] on new rationales to affirm the denial of benefits—rationales that [the insurer] did not assert during the administrative process," because doing so deprives the claimant of the "opportunity to respond" and denies them the "statutory right to 'full and fair review' of the denial of her

claim." *Collier*, 53 F.4th at 1182 (9th Cir. 2022) (quoting 29 U.S.C. § 1133(2)).

Here, in each denial letter, Cigna consistently informed Roggenkamp that it was denying benefits because there were "not enough studies" to show two-level ADR "is effective or improves health outcomes," and Cigna cited only its internal guidance, Medical Coverage Policy No. 0104 ("MCP"), which is a non-plan document that categorically excludes two-level ADR as "experimental." Cigna never relied on the Summary Plan Description ("SPD"), which is undisputedly the governing plan document, and which supersedes the MCP in the event of a conflict. The SPD defines "experimental, investigational or unproven" services ("EIU") as "a procedure, device or pharmaceutical agent that is still undergoing pre-clinical or clinical evaluation, and/or has not yet received regulatory approval." Unlike the MCP, the SPD does not categorically exclude two-level ADR.

In affirming the denial of benefits, the district court interpreted the SPD's EIU definition and concluded that Cigna did not abuse its discretion because it was reasonable to conclude that two-level ADR is "EIU" as defined by the SPD. But this was a "post-hoc rationalization[] that [was] not presented to the claimant . . . during the administrative process," and thus, an improper basis for affirming the denial of benefits. *Collier*, 53 F.4th at 1188. As noted, Cigna relied only on the MCP, and the district court could not construe Cigna's denial as impliedly relying on the SPD because the plan administrator must "specific[ally] reference [] the

plan provisions that form the basis of the denial," and the MCP and SPD are meaningfully different. *Booton v. Lockheed Med. Benefit Plan*, 110 F.3d 1461, 1463 (9th Cir. 1997).

3. The district court erred in concluding that Cigna did not abuse its discretion in denying Roggenkamp's claim. Cigna was required to conduct a "full and fair review" of Roggenkamp's claim. 29 U.S.C. § 1133(2). "A plan administrator abuses its discretion if it renders a decision without any explanation, construes provisions of the plan in a way that conflicts with the plain language of the plan, or fails to develop facts necessary to its determination." *Pac. Shores Hosp. v. United Behavioral Health*, 764 F.3d 1030, 1042 (9th Cir. 2014) (citing *Anderson v. Suburban Teamsters of N. Ill. Pension Fund Bd. of Trs.*, 588 F.3d 641, 649 (9th Cir. 2009)).

In each denial letter, Cigna repeated verbatim the same short statement that two-level ADR was not covered by the MS Plan because there were not enough studies, citing only the MCP's categorical exclusion of two-level ADR. Cigna did not refer to the SPD's EIU definition, much less explain how two-level ADR qualified as EIU under that definition. Thus, Cigna did not "interpret" the SPD at all, much less interpret it reasonably. *Cf. Stephan v. Unum Life Ins. Co. of America*, 697 F.3d 917, 929 (9th Cir. 2012) ("[A] plan administrator's decision will not be disturbed if reasonable." (quotation marks omitted)). Further, Cigna abused its

discretion by failing to meaningfully address the information Roggenkamp provided in his appeals. *See Saffon*, 522 F.3d at 870 ("ERISA regulations [] call[] for a 'meaningful dialogue' between claims administrator and beneficiary." (quoting *Booton*, 110 F.3d at 1463)).

Because Cigna abused its discretion in denying benefits, we reverse and remand with directions to remand to Cigna for reevaluation of the merits of Roggenkamp's claim under the SPD definition, not the MCP definition. *See Saffle v. Sierra Pac. Power Co. Bargaining Unit Long Term Disability Income Plan*, 85 F.3d 455, 461 (9th Cir. 1996) ("[W]hen an ERISA plan administrator, with discretion to apply a plan, has misconstrued the Plan and applied a wrong standard to a benefits determination," the court should "remand for reevaluation of the merits of a claim."); *Demer v. IBM Corp. LTD Plan*, 835 F.3d 893, 907–08 (9th Cir. 2016).

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

The parties shall bear their own costs on appeal. Fed. R. App. P. 39(a).

24-7864